PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Roy Bryant                                    Cr.: 98-Cr-00702-02

Name of Sentencing Judicial Officer: John C. Lifland

Date of Original Sentence: 10/25/99

Original Offense: Conspiracy to Distribute Narcotics

Original Sentence: 60 months Imprisonment; 4 years Supervised Release

Type of Supervision: Supervised Release        Date Supervision Commenced: 05/07/03

Assistant U.S. Attorney: Marion Percell        Defense Attorney: Lorraine S. Gauli-Rufo

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The offender has violated the supervision condition which states 'The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.' |
| | The offender failed to report for random drug testing/urinalysis on August 7, 2006, November 7, 2006, and December 6, 2006. |
| 2 | The offender has violated the supervision condition which states 'You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.' |
| | The offender submitted positive urine specimens for marijuana on September 21, 2006, October 23, 2006, October 26, 2006, October 30, 2006, November 6, 2006, November 12, 2006, and December 11, 2006. |

I declare under penalty of perjury that the foregoing is true and correct.

By: Leslie M. Vargas
U.S. Probation Officer
Date: 04/03/07

THE COURT ORDERS:

[X] The Issuance of a Summons. Date of Hearing: May 3, 2007 - 11:00 AM
[ ] The Issuance of a Warrant
[ ] No Action
[ ] Other

Signature of Judicial Officer

April 25, 2007
Date

NJPROB 12D
(4/99)

# United States Probation Office

# United States District Court
# for the District of New Jersey

## VIOLATION OF SUPERVISED RELEASE REPORT
April 3, 2007

**Name of Offender:** Roy Bryant      **Docket Number:** 98-Cr.00702-02

**Offender Address:** 1036 East 218th Street, Bronx, New York 10469

**DOB:** 10/22/72      **Reg. Number:** 35333-083

**Name of Judicial Officer:** HONORABLE JOHN C. LIFLAND

**Date of Original Sentence:** 10/25/99

**Original Offense:** Conspiracy to Distribute Narcotics, 21 U.S.C. Section 846

**Class:** Class B Felony      **Criminal History Category:** III

**Original Sentence:** 60 months imprisonment; 4 years supervised release, drug testing/treatment.

**Violation Sentence:** On August 3, 2006, the offender pled guilty to violating his term of supervised release by unlawful substance use. Bryant was continued on supervised release with special conditions of a six-month-term of home confinement and successful completion of an outpatient drug program (SCAN).

**Current Custodial Status:** The offender is at liberty.

**Date Supervision Commenced:** 05/07/03      **Date Supervision Expires:** 05/06/07

**Assistant U.S. Attorney:** Marion Percell, 970 Broad Street, Room 502, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** Lorraine S. Gauli-Rufo, 972 Broad Street, 2nd Floor, Newark, New Jersey 07102, (973) 645-6347

**THE PRESENTENCE REPORT DATED 10/13/99 IS ATTACHED.**

## COURT ACTION TO DATE:

On August 3, 2006, the offender appeared before the Court and pled guilty to violating his term of supervised release by unlawful substance use. The Court ordered that Bryant be continued on supervised release with special conditions of a six-month-term of home confinement and successful completion of an outpatient drug program (SCAN).

## HISTORY OF SUPERVISION/COMPLIANCE WITH CONDITIONS:

On May 7, 2003, Bryant was released from the Federal Bureau of Prisons and commenced his term of supervised release, which was immediately assumed by the Southern District of New York due to the offender's residence. The offender's term of supervised release is due to expire on May 6, 2007.

Bryant has made a poor adjustment to supervision. He remained unemployed for an extensive period of time, holding sporadic positions. Since September 2003, Bryant has tested positive for marijuana on 23 occasions. On at least 17 separate occasions, he failed to report for random urine testing.

Due to the special condition of drug testing/treatment, the offender was initially placed on a random urine testing program. On May 13, 2004, after submitting several positive specimens, Bryant was referred for outpatient treatment at TRI Center Inc., located in the Bronx, New York. He received weekly individual and group counseling, along with urine testing. The offender continued to use marijuana, and was placed on a 30-day contract to afford him the opportunity to clean his system. Bryant remained clean for three months, but then relapsed and tested positive for marijuana on several occasions. In October 2004, he was transferred from TRI Center to Daytop Village Inc. for continued outpatient services. On November 4, 2004, the Court was notified of Bryant's non-compliance. On November 19, 2004, the Court issued a formal written warning and reprimand.

In September 2005, Bryant was placed on a 60-day contract with Daytop Village as a result of his failure to report to treatment and his continued drug use. The offender remained in Daytop Village until January 6, 2006, and due to his continued drug use, was referred to Daytop's 30-day residential program, Manor Village, located in upstate New York. Bryant was released from residential treatment on February 3, 2006, and re-entered Daytop Village outpatient services on February 6, 2006. Despite extensive treatment efforts made by the U.S. Probation Office in the Southern District of New York, the offender submitted another positive urine specimen on February 24, 2006.

On August 3, 2006, as a result of his continued drug use, Bryant appeared before the Court for a violation hearing. The Court ordered that Bryant would be continued under supervision with conditions of a six-month-term of home confinement and an order to successfully complete outpatient drug treatment.

On September 25, 2006, Bryant commenced outpatient treatment and counseling at SCAN, Bronx, New York. His treatment counselor indicated the offender has been compliant with reporting as directed and has grown a great deal since attending treatment. However, this information is conflicting with the positive urine specimens for marijuana from October 2006 through December 2006.

On October 19, 2006, Bryant began his term of home confinement with an expected completion date of April 18, 2007. To date, aside from one minor EM violation, Bryant has been compliant with his home confinement schedule. However, the offender has continued using drugs and has failed to report to the probation office for drug testing as directed on August 7, 2006, November 7, 2006, December 6, 2006, the month of February 2007 and to date. In addition, Bryant has tested positive for marijuana on September 21, 2006, October 23, 2006, October 26, 2006, October 30, 2006, November 6, 2006, November 12, 2006, and December 11, 2006.

The offender has continued using illicit drugs and has failed to report for random drug testing as directed by the supervising probation office.

## DETAILS OF VIOLATIONS:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The offender has violated the supervision condition which states 'The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.' |
| | The offender failed to report for random drug testing/urinalysis on August 7, 2006, November 7, 2006, and December 6, 2006. |
| | The Probation Office has determined this conduct constitutes a **Grade C violation.** |
| 2 | The offender has violated the supervision condition which states ' You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.' |
| | The offender submitted positive urine specimens for marijuana on September 21, 2006, October 23, 2006, October 26, 2006, October 30, 2006, November 6, 2006, November 12, 2006, and December 11, 2006. |
| | The Probation Office has determined this conduct constitutes a **Grade C violation.** |

## OFFENDER'S COMMENTS AS TO ALLEGED VIOLATIONS:

It is unknown at this time if the offender was interviewed with respect to the alleged violations.

## STATUTORY PROVISIONS:

Title 18, U.S.C. § 3583(e)(3) provides for revocation of a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. Accordingly, the court shall require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously spent on post-release supervision.

Pursuant to Title 18, U.S.C. § 3583(e)(3), if revoked, he is facing a maximum statutory penalty of three years imprisonment.

Title 18, U.S.C. § 3583(g)(1) and (3) provides for mandatory revocation of supervised release for possession of a controlled substance or for refusal to comply with drug testing imposed as a condition of supervised release. The court shall require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

Title 18, U.S.C. § 3583(h) provides for a term of supervised release following revocation when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The reimposition of a term of supervised release is allowable in all cases regardless of the offense date.

**POLICY STATEMENT/GUIDELINE PROVISIONS:**

The U.S. Sentencing Commission has promulgated specific policy with respect to probation and supervised release violations. Pursuant to § 7B1.4(a) of the guidelines, with a Criminal History Category of III and a Grade C violation, Roy Bryant faces a guideline range of 5 to 11 months. The statutory maximum term of imprisonment in this case is 3 years, pursuant to 18 U.S.C. § 3583(e)(3).

Upon a finding of a Grade C violation, pursuant to U.S.S.G. § 7B1.3(a)(2), the court may (A) revoke probation or supervised release or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Where the minimum term of imprisonment determined under § 7B1.4 is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: LESLIE M. VARGAS
U.S. Probation Officer

/lmv

APPROVED:

_____  04-05-07
MAUREEN KELLY              Date
Supervising U.S. Probation Officer

## SENTENCING RECOMMENDATION

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY
### UNITED STATES V. Roy Bryant, DOCKET NO. 98-Cr.00702-02
### April 3, 2007

VIOLATION GRADE: C
CRIMINAL HISTORY CATEGORY: III

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 36 months | 5 to 11 months | 5 months |
| SUPERVISED RELEASE: | 36 months | 36 months (less any custodial sentence imposed) | -0- |

**Special Conditions:**

**JUSTIFICATION**

This is third time our office has notified the Court about Roy Bryant's non-compliance under supervised release. All notifications have involved Bryant's use of drugs and/or his failure to report for urinalysis and treatment as directed. The Court has afforded the offender with opportunities to rehabilitate himself, to no avail. The Court has issued a formal written warning to the offender, and escalated to ordering a term of home confinement with an order to successfully complete an outpatient drug program. While the offender continues to "serve" his home confinement term, he also continues in his non-compliance.

It is clear that Bryant has no appreciation for the Court's leniency in the past, nor does he have any regard for the legal consequences of his actions. In addition to the Court's intervention, Bryant has also had the benefit of various drug treatment modalities. Evidently, the offender is unable to extricate himself from the use of illicit drug use and has failed to report on numerous occasions for random drug testing.

We are recommending a sentence of five (5) months incarceration, the low-end of the guideline range. We believe this sentence is appropriate to address the factors of accountability and punishment. We do not recommend reimposition of supervised release, since Bryant has utilized the services of probation for almost four years and it has not served to rehabilitate him.

**VOLUNTARY SURRENDER**

The offender appears to be a suitable candidate for voluntary surrender to either the U.S. Marshal or designated institution.

NJPROB 12D - Page 2
Sentencing Recommendation
Roy Bryant

# RECOMMENDATION

## (Language of the Court)

It is respectfully recommended that sentence be imposed as follows:

The Court finds upon the evidence presented that Roy Bryant is in violation of the conditions of Supervised Release as imposed by this Court on 10/25/99. Whereupon it is ordered and adjudged that the previously imposed term of Supervised Release is revoked and the offender is hereby committed to the custody of the Bureau of Prisons for a term of 5 months.

It is further ordered that the offender, Roy Bryant, surrender himself to the institution designated by the Bureau of Prisons on a date to be determined.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: LESLIE M. VARGAS
U.S. Probation Officer

/lmv

APPROVED:

MAUREEN KELLY                    Date  04-05-07
Supervising U.S. Probation Officer